UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

SARAH MCBREAIRTY

No. 1:22-cr-00023-SDN

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorneys, Craig M. Wolff, Acting United States Attorney for the District of Maine, and Joel B. Casey, Assistant United States Attorney, submits this memorandum in aid of sentencing to briefly address the relevant sentencing factors under 18 U.S.C. §3553(a). The Government intends to address these factors in greater detail at the time of sentencing.

The defendant's sentencing guideline range is life. The Government is recommending a sentence of ten years – which is the mandatory minimum in this case.

**Nature and Circumstances of the Offense**

The Court is well-familiar with the nature and circumstances of the offense, having reviewed the thorough pre-sentence investigation report ("PSR") and presided over several sentencing hearings for co-defendants and a two week long trial. The defendant involved herself in distributing two of the most deadly drugs available on the street – methamphetamine and fentanyl. The Court has seen first hand how destructive these drugs are on people and entire communities. Through her conduct, the defendant contributed to the ruination of countless lives Penobscot and Aroostook counties. There is no escaping that fact and the Court's sentence should reflect how seriously it views that conduct.

Indeed, it is appropriate for the Court to consider the devastating impact that methamphetamine and fentanyl has had on the smaller communities in Northern Maine where there is comparatively fewer law enforcement resources to root out traffickers

and fewer treatment resources available to those who become addicted to the drugs. *See, e.g., United States v. Beaucage,* No. 23-1828, 2025 WL 1116283 (1st Cir. April 15, 2025) (appropriate for the Court to consider incidence of crimes in a particular community).

Even the extremely conservative quantities estimated in the PSR make it apparent that the defendant is responsible for the distribution of staggering quantities of these drugs. Moreover, she held a leadership role in this conspiracy and directed the activities of others. Her involvement in the conspiracy also led her to obtain and dispose of numerous firearms, many of which have not been recovered.

It is also worth mentioning that, despite being given multiple opportunities to stop on her own, the defendant continued to involve herself in the work of the conspiracy until arrested in February 2022.

**History and Characteristics of the Defendant**

The PSR author has done and admirable job summarizing the history and characteristics of the defendant. The defendant was raised in a home free of abuse and neglect, although her parents divorced when she was 17 – the same year she herself became a mother. She has two other children by two other men, including a 2 year old with co-defendant Joshua Jerrell.

The Government has considered her struggles with alcohol and drug abuse since she was a child.

The Government has also considered the defendant's criminal history. Between the ages of 18 and 31 she was convicted of 11 criminal offenses, including drug related offenses. The longest amount of time she has served in prison is 18 months. She is criminal history category IV.

The Government has also considered that the defendant has done remarkably well while on bail since shortly after her arrest. She has remained sober, fully engaged with treatment, complied with all bail conditions, obtain job training and employment, and has raised her young child.

## The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Adequate Deterrence

In this and related prosecutions, twenty-two people have been convicted and many have been sentenced for drug and firearm related offenses. By the Government's estimation, this is the largest drug trafficking operation that District of Maine has seen. The defendant stepped into a void created by the apprehension of her sister Danielle and kept the Maine end of the conspiracy operating. In doing so, she facilitated the continued steady flow of methamphetamine and fentanyl into our communities and the flow of firearms out-of-state. The seriousness of her offense cannot be understated and it is reflected in her advisory guideline range of life. While the Government is not suggesting that a sentence of life is appropriate here, it speaks to the seriousness of the offense. Such a serious offense must be met with serious and just punishment.

The sentence imposed by the Court must promote respect for the drug laws and deter others from engaging in this kind of conduct. While the turnaround we have seen in the defendant since her arrest is commendable, it should not result in an excessively lenient sentence that sends the wrong message to the public at large and other defendants in this case.

## The Need to Avoid Unwarranted Sentencing Disparities

As the Court is aware, the need to avoid unwarranted sentencing disparities is a national standard, not a case specific standard. *See, e.g., United States v. Marceau*, 554 F.3d 24, 33-34 (1st Cir. 2009). Nonetheless, the Court is free to consider sentences imposed on co-defendants in applying the standard.[1] "Unless two 'identically situated defendants' receive different sentences from the same judge, which may be a reason for concern, our general rule of thumb is that a 'defendant is not entitled to a lighter sentence merely because his co-defendants received lighter sentences.'" *United States v.*

---

[1] In *Marceau*, the court found Marceau's 120 month sentence reasonable, despite the fact that his co-defendant in a gun store burglary received an 18 month sentence. *Marceau*, 554 F.3d at 33-34. *See also United States v. Hernandez*, 964 F.3d 95, 106-107 (1st Cir. 2020) (finding a 324 month prison sentence substantively reasonable notwithstanding co-defendants receiving 123 month and 120 sentences).

*Rivera–Gonzalez*, 626 F.3d 639, 648 (1st Cir. 2010) (*quoting United States v. Wallace*, 573 F.3d 82, 97 (1st Cir. 2009)).

Here, the advisory guideline range of life is an indication of how other criminal history category IV defendants are being punished for the defendant's offense at a national level. *See United States v. Rivera-Gonzalez*, 626 F.3d 639, 648 (1st Cir. 2010) (a sentence within the guideline range "is likely to reflect the national standard")(*quoting United States v. Muffelman*, 470 F.3d 33, 40-41 (1st Cir. 2006)). In this case, the defendant's sister had a guideline range of 360-life and she received a sentence of 20 years, for doing essentially the same thing that the defendant did to commit this crime. As the Court knows, Danielle McBreairty absconded while on bail, committed a new criminal offense (lying to federal agents at the time of her arrest for absconding) and lost acceptance of responsibility.[2] Sarah, on the other hand, did none of these things. Moreover, there are other mitigating factors present in Sarah's case that were not present in Danielle's case, *Marceau, id.*, and as such the Government is not suggesting that a 20 year sentence is appropriate for Sarah. Nonetheless, a sentence below the ten years being recommended by the Government is unwarranted given all the other relevant sentencing factors.

**Conclusion**

If sentencings were only about what a defendant does <u>after</u> they are arrested and brought to justice, all defendants could avoid lengthy jail sentences by engaging in productive endeavors following apprehension. Certainly the Court should not ignore those efforts by this defendant, however, the Government respectfully submits that the Court must also impose just punishment that reflects the seriousness of the offense, promotes respect for the law, and deters the defendant and others who might contemplate engaging in the kind of destructive conduct that Sarah McBreairty has.

The Government is not asking the Court to impose a life sentence here. On these

---

[2] Danielle was a criminal history category I.

facts and based on everything the Court knows about the defendant, such a sentence is unwarranted. A sentence below the ten years recommended by the Government, however, is also not warranted.

The Government will further address the 3553(a) factors at the sentencing hearing.

Date: April 21, 2025

Respectfully submitted,
Craig M. Wolff
Acting United States Attorney

/s/Joel B. Casey
Supervisory Assistant U.S. Attorney
United States Attorney's Office
202 Harlow Street
Bangor, ME 04401

## CERTIFICATE OF SERVICE

      I hereby certify that on April 21, 2025, I filed the Government's Memorandum in Aid of Sentencing using the CM/ECF system, which will cause a copy to be sent to the following counsel:

    Henry Griffin, Esq.
    Counsel for Defendant


                        /s/Joel B. Casey
                        Supervisory Assistant U.S. Attorney
                        United States Attorney's Office
                        202 Harlow Street
                        Bangor, Maine 04401